**STATE of Delaware, Plaintiff,**

v.

**John DOE, Defendant.**

Superior Court of Delaware,
New Castle.

Submitted March 22, 1976.

Decided March 29, 1976.

Richard R. Cooch, Deputy Atty. Gen., Dept. of Justice, Wilmington, for the State.

Joseph B. Green, Asst. Public Defender, Wilmington, for defendant.

CHRISTIE, Judge.

The State concedes that its evidence in this case is such as to place before the Court the very limited issue of whether the act of penetration of a vagina by a male tongue could constitute rape second degree under the provisions of 11 Del.C. § 763 which reads as follows:

> § 763. Rape in the second degree; class B felony.
>
> A male is guilty of rape in the second degree when he intentionally engages in sexual intercourse with a female without her consent.
>
> Rape in the second degree is a class B felony.

Sexual intercourse is defined in 11 Del.C. § 773(b) as follows:

> § 773. Definitions generally applicable to sexual offenses.
>
> \*      \*      \*      \*      \*      \*
>
> (b) "Sexual intercourse" means any act of coitus between male and female and includes intercourse with the mouth or anus. It occurs upon any penetration, however slight. Emission is not required.

The State argues that the words "includes intercourse with the mouth or anus" should be read to include sexual acts performed by the mouth or anus of the perpetrating male as well as the use of the penis on the specified parts of the recipient female. Thus, the State argues that there is no requirement in the Delaware statute that, in the crime of rape, the penis must be the penetrating organ. .

The defendant argues that, in order for the act to constitute the specific crime of rape, the penis must have played a part in the attack by the male even though, under the amended statute, the insertion need not be into the vaginal orifice but may be into the mouth or anus of a female.

Because of the unique wording of the new Delaware statute, case law and dictionary definitions provide little help. The solution must be found by a common sense analysis of the statutory language and a search for the intent behind the statute.

It must be observed that under the Delaware statute, if rape were to be defined to include penetration by some organ (or object) other than a penis, there would be no logical reason to limit those eligible to be charged with rape to males. Furthermore, the definition advocated by the State would seem to create an untenable distinction where tongue penetration (assuming a tongue is regarded as the mouth) would be considered rape whereas penetration by a finger, for example, would not. There is also a serious question as to whether or not the penetration referred to in the statute could in fact be perpetrated by the mouth or anus.

I rule that the inclusion of "intercourse with the mouth or anus" in the statutory definition of rape was intended to enlarge the definition of rape so as to include those parts of the female anatomy only as additional orifices which, if violated without consent by a penis, would be regarded as having been raped.

Further, the exclusion of a requirement of emission is an indication that a penile insertion is the specific act which constitutes rape.

Considering the overall scheme of the "Sexual Offenses" subchapter of Title 11, it is clear that nonconsensual cunnilingus and other forms of abhorrent sexual misconduct are prohibited by other sections and may be severely punished. Despite the general broadening of the statutory definition of rape, the term as used in the Delaware statute is deemed to retain some of its original connotation and rape will be regarded as having taken place only if there is a penetration into the victim's body by a penis.

The charge of rape second degree will be dismissed.

IT IS SO ORDERED.